IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| AMERICAN OVERSIGHT,<br>1030 15th Street NW, B255<br>Washington, DC 20005<br><br>*Plaintiff*,<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE,<br>950 Pennsylvania Avenue NW<br>Washington, DC 20530<br><br>*Defendant.* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 25-cv-4208 |

## **COMPLAINT**

1. Plaintiff American Oversight brings this Freedom of Information Act suit against the U.S. Department of Justice following credible allegations that Pardon Attorney and Director of the Weaponization Working Group Edward "Ed" Martin is concealing or destroying official communications.

2. Martin, the former interim U.S. Attorney for the District of Columbia who failed to garner sufficient Senate votes to secure the position permanently, was named Pardon Attorney and Director of the Weaponization Working Group ("WWG") in May 2025, both within the Department of Justice ("DOJ").[1]

---

[1] Katelyn Polantz et al., *The Weapon of Justice: Ed Martin's Influence at DOJ*, CNN (Oct. 30, 2025), https://www.cnn.com/2025/10/30/politics/ed-martin-doj-trump-political-prosecutions.

1

3.      Martin's tenure in his current roles has been controversial, including his reported involvement in bringing charges against New York Attorney General Letitia James and former FBI Director James Comey, among others.[2]

4.      Recently, Representative Jamie Raskin, in his role as Ranking Member of the House Committee on the Judiciary, informed Martin on November 17, 2025, that his office had received "credible allegations" that Martin was "concealing and destroying [his] communications in order to hide the activities of [the WWG]."[3]

5.      More than two weeks later, neither DOJ nor Martin has released a statement or commented about the allegations raised by Representative Raskin.

6.      DOJ's silence in the face of credible, publicly disclosed whistleblower allegations heightens the public's urgent need for information about Martin in his current roles.

7.      The credible allegations also underscore that expedited processing of Plaintiff American Oversight's FOIA requests is a critical mechanism by which the public can timely learn whether appropriate steps are being taken to preserve these records.

8.       Plaintiff American Oversight has submitted several requests to DOJ under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, each with requests for expedited processing, to shed light on Martin's role and actions during his tenure at DOJ as Pardon Attorney and Director of the WWG.

9.      Having received either no determination or denials in response to its requests for expedited processing, American Oversight now brings this action against the agency under FOIA

---

[2] *Id.*
[3] Letter from Jamie Raskin, Ranking Member, House Committee on the Judiciary to Edward P. Martin, Jr., Pardon Attorney and Director, Weaponization Working Group, Nov. 17, 2025, https://democrats-judiciary.house.gov/sites/evo-subsites/democrats-judiciary.house.gov/files/evo-media-document/2025-11-17-raskin-to-martin-doj-re-devices.pdf.

2

and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

11. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

12. Defendant has failed to issue a determination on six of American Oversight's requests for expedited processing.

13. Defendant has partially or fully denied expedited processing for three of American Oversight's requests.

14. Because Defendant has either denied or failed to issue a determination on American Oversight's requests for expedited processing, American Oversight is entitled to judicial relief.

## PARTIES

15. Plaintiff American Oversight is a nonpartisan, non-profit section 501(c)(3) organization. American Oversight is committed to promoting transparency in government, educating the public about government activities, and ensuring the accountability of government officials. Through research and FOIA requests, American Oversight uses the information it gathers, and its analysis of it, to educate the public about the activities and operations of the federal government through reports, published analyses, press releases, and other media. The organization is incorporated under the laws of the District of Columbia.

16. Defendant DOJ is a department of the executive branch of the U.S. government headquartered in Washington, DC, and an agency of the federal government within the meaning

3

of 5 U.S.C. § 552(f)(1). The Executive Office for U.S. Attorneys ("EOUSA"), and the Office of Pardon Attorney ("Pardon Office") are components of DOJ that have custody of records for which American Oversight is seeking expedited processing.

17. The Office of Information Policy ("OIP") is a component of DOJ that processes FOIA requests on behalf of certain DOJ offices, including the Office of Public Affairs.

### STATEMENT OF FACTS

18. On November 20, 2025, American Oversight submitted three FOIA requests to EOUSA, and nearly-identical set of requests to the Pardon Office (with a narrower date range), seeking records with the potential to shed light on federal government activity related to Ed Martin's tenure at DOJ, including in his roles as Director of the WWG and as Pardon Attorney.

19. American Oversight submitted the same set of three FOIA requests (with the same date range as its requests to EOUSA) to OIP to comply with DOJ's FOIA regulations requiring that certain categories of expedited processing requests be submitted to the Office of Public Affairs. *See* 28 C.F.R. § 16.5(e)(2).

20. Since Representative Raskin publicized the "credible allegations" against Ed Martin on November 17, 2025, neither DOJ nor Ed Martin has issued any form of public communication or acknowledgment regarding the substance of the allegations, nor has DOJ indicated publicly that it is making any internal inquiries.

#### American Oversight's FOIA Requests

*EOUSA Communications Request*

21. On November 20, 2025, American Oversight submitted a request to EOUSA bearing internal American Oversight tracking number DOJ-EOUSA-25-2782, seeking (a) email communications of Ed Martin containing certain key terms related to the WWG, the events of January 6, 2021, and the Trump Administration's prosecution of Lisa Cook, and (b) Martin's

4

external email communications. Both portions of the request sought records from May 8, 2025, through the date the search is conducted. A true and correct copy of that request is attached as Exhibit A.

22.　　The requested records are urgently needed to inform the public concerning actual or alleged government activity.

23.　　The requested records concern a matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence.

24.　　Accordingly, American Oversight requested expedited processing of the request, and included the certifications required by 5 U.S.C. § 552(a)(6)(E)(vi) and 28 C.F.R. § 16.5(e)(3). *See* Ex. A.

25.　　American Oversight certified the requested records are urgently needed to inform the public concerning actual or alleged government activity. Ex. A.

26.　　American Oversight further certified that the requested records concern a matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence. *Id.*

27.　　American Oversight certified it is primarily engaged in disseminating information to the public. *Id.*

28.　　American Oversight's expedited processing request explained how it met the statutory and regulatory standards for expedited processing. *See id.*

29.　　American Oversight's expedited processing request included a non-exhaustive list of citations to media reports that support its certifications. *See id*.

30. On November 20, 2025, EOUSA acknowledged receipt of the request and assigned the request tracking number EOUSA-2026-000310.

31. On December 1, 2025, EOUSA emailed again, stating that the "requested information . . . is not information maintained by . . . EOUSA" and noted that it was routing the request to both the Pardon Office and OIP.

32. As of the date of this filing, American Oversight has received no further communication from EOUSA regarding this FOIA request, including concerning the request for expedited processing.

*Pardon Office Communications Request*

33. On November 20, 2025, American Oversight submitted a request to the Pardon Office bearing internal American Oversight tracking number DOJ-OPA-25-2781, seeking the same records as the EOUSA Communications Request, for records from May 15, 2025, through the date the search is conducted. A true and correct copy of that request is attached as Exhibit B.

34. The requested records are urgently needed to inform the public concerning actual or alleged government activity.

35. The requested records concern a matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence.

36. Accordingly, American Oversight requested expedited processing of the request, and included the certifications required by 5 U.S.C. § 552(a)(6)(E)(vi) and 28 C.F.R. § 16.5(e)(3). See Ex. B.

37. American Oversight certified the requested records are urgently needed to inform the public concerning actual or alleged government activity. *Id*.

38. American Oversight further certified that the requested records concern a matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence. *Id.*

39. American Oversight certified it is primarily engaged in disseminating information to the public. *Id.*

40. American Oversight's expedited processing request explained how it met the statutory and regulatory standards for expedited processing. *See id.*

41. American Oversight's expedited processing request included a non-exhaustive list of citations to media reports that support its certifications. *See id.*

42. American Oversight received two emails from the Pardon Office on November 28, 2025 regarding requests it sent about Ed Martin, but the emails did not contain sufficient information for American Oversight to ascribe which FOIA request each related to as of the date of this filing.

43. As of the date of this filing, American Oversight has received no further communication from the Pardon Office regarding this FOIA request, including concerning the request for expedited processing.

*OIP Communications Request*

44. On November 20, 2025, American Oversight submitted a request to OIP bearing internal American Oversight tracking number DOJ-OIP-25-2787, seeking the same records with the same date range as the EOUSA Communications Request. A true and correct copy of that request is attached as Exhibit C.

45. The requested records are urgently needed to inform the public concerning actual or alleged government activity. *See* 28 C.F.R. § 16.5(e)(1)(ii).

46. The requested records concern a matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence. *See* 28 C.F.R. § 16.5(e)(1)(iv).

47. Accordingly, American Oversight requested expedited processing of the request, and included the certifications required by 5 U.S.C. § 552(a)(6)(E)(1) and 28 C.F.R. § 16.5(e)(3). *See* Ex. C.

48. American Oversight submitted the request to the Office of Public Affairs via OIP to comply with 28 C.F.R. § 16.5(e)(2). *Id.*

49. American Oversight certified the requested records are urgently needed to inform the public concerning actual or alleged government activity. Ex. C.

50. American Oversight further certified that the requested records concern a matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence. *Id.*

51. American Oversight certified it is primarily engaged in disseminating information to the public. *Id.*

52. American Oversight's expedited processing request explained how it met the statutory and regulatory standards for expedited processing. *See id.*

53. American Oversight's expedited processing request included a non-exhaustive list of citations to media reports that support its certifications. *See id.*

54. On November 25, 2025, OIP acknowledged receipt of the request and assigned the request tracking number FOIA-2026-00604. A true and correct copy of that correspondence is attached as Exhibit D.

55. In the same letter, OIP denied expedited processing under 28 C.F.R. § 16.5(e)(1)(ii), and noted that American Oversight's request under 28 C.F.R. § 16.5(e)(1)(iv) was still pending. *Id.*

56. As of the date of this filing, American Oversight has received no further communication from OIP regarding this FOIA request, including the request for expedited processing.

*EOUSA Text Messages Request*

57. On November 20, 2025, American Oversight submitted a request to EOUSA bearing internal American Oversight tracking number DOJ-EOUSA-25-2784, seeking all text messages and messages on messaging platforms sent or received by Ed Martin regarding government business, for records from May 8, 2025, through the date the search is conducted. A true and correct copy of that request is attached as Exhibit E.

58. The requested records are urgently needed to inform the public concerning actual or alleged government activity.

59. The requested records concern a matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence.

60. Accordingly, American Oversight requested expedited processing of the request, and included the certifications required by 5 U.S.C. § 552(a)(6)(E)(vi) and 28 C.F.R. § 16.5(e)(3). *See* Ex. E.

61. American Oversight certified the requested records are urgently needed to inform the public concerning actual or alleged government activity. Ex. E.

62. American Oversight further certified that the requested records concern a matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence. *Id.*

63. American Oversight certified it is primarily engaged in disseminating information to the public. *Id.*

64. American Oversight's expedited processing request explained how it met the statutory and regulatory standards for expedited processing. *See id.*

65. American Oversight's expedited processing request included a non-exhaustive list of citations to media reports that support its certifications. *See id.*

66. On November 20, 2025, EOUSA acknowledged receipt of the request, assigned the request tracking number EOUSA-2026-000311.

67. On December 1, 2025, EOUSA emailed, stating that the "requested information . . . is not information maintained by . . . EOUSA" and noted it was routing the request to both Pardon Office and OIP.

68. As of the date of this filing, American Oversight has received no further communication from DOJ regarding this FOIA request, including concerning the request for expedited processing.

*Pardon Office Text Messages Request*

69. On November 20, 2025, American Oversight submitted a request to the Pardon Office bearing internal American Oversight tracking number DOJ-OPA-25-2783, seeking the same records as the EOUSA Text Messages Request, for records from May 15, 2025, through the date the search is conducted. A true and correct copy of that request is attached as Exhibit F.

70. The requested records are urgently needed to inform the public concerning actual or alleged government activity. Ex. F.

71. The requested records concern a matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence. *Id.*

72. Accordingly, American Oversight requested expedited processing of the request, and included the certifications required by 5 U.S.C. § 552(a)(6)(E)(vi) and 28 C.F.R. § 16.5(e)(3). *See* Ex. F.

73. American Oversight certified the requested records are urgently needed to inform the public concerning actual or alleged government activity. Ex. F.

74. American Oversight further certified that the requested records concern a matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence. *Id.*

75. American Oversight certified it is primarily engaged in disseminating information to the public. *Id.*

76. American Oversight's expedited processing request explained how it met the statutory and regulatory standards for expedited processing. *See id.*

77. American Oversight's expedited processing request included a non-exhaustive list of citations to media reports that support its certifications. *See id.*

78. American Oversight received two emails from the Pardon Office on November 28, 2025 regarding requests it sent about Ed Martin, but the emails did not contain sufficient information for American Oversight to ascribe which FOIA request each related to as of the date of this filing.

79. As of the date of this filing, American Oversight has received no further communication from DOJ regarding this FOIA request, including concerning the request for expedited processing.

*OIP Text Messages Request*

80. On November 20, 2025, American Oversight submitted a request to OIP bearing internal American Oversight tracking number DOJ-OIP-25-2788, seeking the same records with the same date range as the EOUSA Text Messages Request. A true and correct copy of that request is attached as Exhibit G.

81. The requested records are urgently needed to inform the public concerning actual or alleged government activity. *See* 28 C.F.R. § 16.5(e)(1)(ii).

82. The requested records concern a matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence. *See* 28 C.F.R. § 16.5(e)(1)(iv).

83. Accordingly, American Oversight requested expedited processing of the request, and included the certifications required by 5 U.S.C. § 552(a)(6)(E)(vi) and 28 C.F.R. § 16.5(e)(3). *See* Ex. G.

84. American Oversight certified the requested records are urgently needed to inform the public concerning actual or alleged government activity. Ex. G.

85. American Oversight further certified that the requested records concern a matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence. *Id.*

86. American Oversight certified it is primarily engaged in disseminating information to the public. *Id.*

87. American Oversight's expedited processing request explained how it met the statutory and regulatory standards for expedited processing. *See id.*

88. American Oversight's expedited processing request included a non-exhaustive list of citations to media reports that support its certifications. *See id*.

89. On November 25, 2025, OIP acknowledged receipt of the request and assigned the request tracking number FOIA-2026-00605. A true and correct copy of that correspondence is attached as Exhibit H.

90. In the same letter, OIP denied expedited processing under 28 C.F.R. § 16.5(e)(1)(ii), and noted that American Oversight's request under 28 C.F.R. § 16.5(e)(1)(iv) was still pending. *Id.*

91. As of the date of this filing, American Oversight has received no further communication from OIP regarding this FOIA request, including concerning the request for expedited processing.

*EOUSA Directives Request*

92. On November 20, 2025, American Oversight submitted a request to EOUSA bearing internal American Oversight tracking number DOJ-EOUSA-25-2786, seeking directives, guidance, protocols, policies, recommendations, and other records regarding Ed Martin's tenure at the WWG, including records related to Operation Whirlwind for records from May 8, 2025, through the date the search is conducted. A true and correct copy of that request is attached as Exhibit I.

93. The requested records are urgently needed to inform the public concerning actual or alleged government activity.

94. The requested records concern a matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence.

95. Accordingly, American Oversight requested expedited processing of the request, and included the certifications required by 5 U.S.C. § 552(a)(6)(E)(vi) and 28 C.F.R. § 16.5(e)(3). *See* Ex. I.

96. American Oversight certified the requested records are urgently needed to inform the public concerning actual or alleged government activity. Ex. I.

97. American Oversight further certified that the requested records concern a matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence. *Id.*

98. American Oversight certified it is primarily engaged in disseminating information to the public. *Id.*

99. American Oversight's expedited processing request explained how it met the statutory and regulatory standards for expedited processing. *See id.*

100. American Oversight's expedited processing request included a non-exhaustive list of citations to media reports that support its certifications. *See id.*

101. On November 20, 2025, DOJ acknowledged receipt of the FOIA request and assigned the request tracking number EOUSA-2026-000312.

102. The acknowledgment letter did not reference American Oversight's request for expedited processing included in the EOUSA Directives Request.

103. As of the date of this filing, American Oversight has received no further communication from DOJ regarding this FOIA request, including concerning the request for expedited processing.

*Pardon Office Directives Request*

104. On November 20, 2025, American Oversight submitted a request to the Pardon Office bearing internal American Oversight tracking number DOJ-OPA-25-2785 seeking the same records as the EOUSA Directives Request, for records from May 15, 2025, through the date the search is conducted. A true and correct copy of that request is attached as Exhibit J.

105. The requested records are urgently needed to inform the public concerning actual or alleged government activity.

106. The requested records concern a matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence.

107. Accordingly, American Oversight requested expedited processing of the request, and included the certifications required by 5 U.S.C. § 552(a)(6)(E)(vi) and 28 C.F.R. § 16.5(e)(3). *See* Ex. J.

108. American Oversight certified the requested records are urgently needed to inform the public concerning actual or alleged government activity. Ex. J.

109. American Oversight further certified that the requested records concern a matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence. *Id.*

110. American Oversight certified it is primarily engaged in disseminating information to the public. *Id.*

111. American Oversight's expedited processing request explained how it met the statutory and regulatory standards for expedited processing. *See id.*

112. American Oversight's expedited processing request included a non-exhaustive list of citations to media reports that support its certifications. *See id*.

113. American Oversight received two emails from the Pardon Office on November 28, 2025 regarding requests it sent about Ed Martin, but the emails did not contain sufficient information for American Oversight to ascribe which FOIA request each related to as of the date of this filing.

114. As of the date of this filing, American Oversight has received no further communication from the Pardon Office regarding this FOIA request, including the request for expedited processing.

*OIP Directives Request*

115. On November 20, 2025, American Oversight submitted a request to OIP bearing internal American Oversight tracking number DOJ-OIP-25-2789, seeking the same records with the same date range as the EOUSA Directives Request. A true and correct copy of that request is attached as Exhibit K.

116. The requested records are urgently needed to inform the public concerning actual or alleged government activity. *See* 28 C.F.R. § 16.5(e)(1)(ii).

117. The requested records concern a matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence. *See* 28 C.F.R. § 16.5(e)(1)(iv).

16

118. Accordingly, American Oversight requested expedited processing of the request, and included the certifications required by 5 U.S.C. § 552(a)(6)(E)(vi) and 28 C.F.R. § 16.5(e)(3). *See* Ex. K.

119. American Oversight certified the requested records are urgently needed to inform the public concerning actual or alleged government activity. Ex. K.

120. American Oversight further certified that the requested records concern a matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence. *Id.*

121. American Oversight certified it is primarily engaged in disseminating information to the public. *Id.*

122. American Oversight's expedited processing request explained how it met the statutory and regulatory standards for expedited processing. *See id.*

123. American Oversight's expedited processing request included a non-exhaustive list of citations to media reports that support its certifications. *See id.*

124. On November 25, 2025, OIP acknowledged receipt of the request and assigned the request tracking number FOIA-2026-00606. A true and correct copy of that correspondence is attached as Exhibit L.

125. In the same letter, OIP denied expedited processing under 28 C.F.R. § 16.5(e)(1)(ii), and noted that American Oversight's request under 28 C.F.R. § 16.5(e)(1)(iv) was still pending. *Id.*

126. As of the date of this filing, American Oversight has received no further communication from OIP regarding this FOIA request, including concerning the request for expedited processing.

Exhaustion of Administrative Remedies

127.    As of the date of this Complaint, for the EOUSA Communications Request, the Pardon Office Communications Request, the OIP Communications Request (28 C.F.R. § 16.5(e)(1)(iv)), the EOUSA Text Messages Request, the Pardon Office Text Messages Request, the OIP Text Messages Request (28 C.F.R. § 16.5(e)(1)(iv)), the EOUSA Directives Request, the Pardon Office Directives Request, and the OIP Directives Request (28 C.F.R. § 16.5(e)(1)(iv)), Defendant has failed to notify American Oversight of a final determination regarding American Oversight's proper requests for expedited processing of its FOIA requests.

128.    Through Defendant's failure to respond to American Oversight's requests for expedited processing with respect to the requests referenced in the above paragraph within the time period required by law, American Oversight has constructively exhausted its administrative remedies and seeks immediate judicial review.

129.    As of the date of this Complaint, for the OIP Communications Request (28 C.F.R. § 16.5(e)(1)(ii)), the OIP Text Messages Request (28 C.F.R. § 16.5(e)(1)(ii)), and the OIP Directives Request (28 C.F.R. § 16.5(e)(1)(ii)), Defendant has denied American Oversight's proper requests for expedited processing of its FOIA requests.

130.    Defendant denied American Oversight's request to expedite processing of the requests referenced in the above paragraph, and American Oversight is not required to exhaust its administrative remedies with respect to these requests to expedite processing.

**COUNT I**
**Violation of FOIA, 5 U.S.C. § 552**
**Failure to Grant Expedited Processing**

131.    American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

132. American Oversight properly requested records within the possession, custody, and control of DOJ on an expedited basis.

133. Defendant failed to issue a determination on the request for expedited processing on the EOUSA Communications Request, the Pardon Office Communications Request, the OIP Communications Request (28 C.F.R. § 16.5(e)(1)(iv)), the EOUSA Text Messages Request, the Pardon Office Text Messages Request, the OIP Text Messages Request (28 C.F.R. § 16.5(e)(1)(iv)), the EOUSA Directives Request, the Pardon Office Directives Request, and the OIP Directives Request (28 C.F.R. § 16.5(e)(1)(iv)) within the timeframe set by regulation and statute.

134. Defendant denied the requests for expedited processing for the OIP Communications Request (28 C.F.R. § 16.5(e)(1)(ii)), the OIP Text Messages Request (28 C.F.R. § 16.5(e)(1)(ii)), and the OIP Directives Request (28 C.F.R. § 16.5(e)(1)(ii).

135. Defendant is an agency subject to FOIA and must process the requests on an expedited basis pursuant to the requirements of FOIA and agency regulations.

136. The records American Oversight has requested are urgently needed to inform the public about government activities of extraordinary public importance.

137. The requested records concern a matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence.

138. Therefore, American Oversight's requests justify expedited processing under FOIA and DOJ's regulations.

139. American Oversight is entitled to declaratory and injunctive relief requiring Defendant to grant expedited processing of American Oversight's FOIA requests.

## **REQUESTED RELIEF**

WHEREFORE, American Oversight respectfully requests the Court to:

(1) Order Defendant to grant American Oversight's requests for expedited processing and to process American Oversight's requests on an expedited basis, by providing Plaintiff with a determination and non-exempt portions of the requested records as soon as practicable;

(2) Award American Oversight the costs of this proceeding, including reasonable attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(3) Grant American Oversight such other relief as the Court deems just and proper.

Dated: December 3, 2025                                  Respectfully submitted,

*/s/ Daniel Martinez*
Daniel Martinez
D.C. Bar No. 90025922
Loree Stark
D.C. Bar No. 90020649
AMERICAN OVERSIGHT
1030 15th Street NW, B255
Washington, DC 20005
(202) 897-2465
danny.martinez@americanoversight.org

*Counsel for Plaintiff*