**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

AMERICAN OVERSIGHT,

      Plaintiff,

    v.                                                            Civil Action No. 25-cv-4208 (TSC)

U.S. DEPARTMENT OF JUSTICE,

      Defendant.

## <u>ANSWER</u>

The U.S. Department of Justice ("Defendant" or "DOJ") respectfully submits the following Answer to American Oversight's ("Plaintiff") Amended Complaint, ECF No. 8-1. All allegations not specifically admitted, denied, or otherwise responded to below are hereby denied. Defendant respectfully refers the Court to all referenced external documents as the best evidence of their contents. Defendant reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Amended Complaint become known to Defendant through the course of this litigation.

Defendant responds to the separately numbered paragraphs of the Complaint as follows:

1.    Denied except to admit that Plaintiff brings this action against DOJ under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. The remaining allegations in this paragraph consist of Plaintiff's characterization of this action, to which no response is required. To the extent this paragraph requires a response, and to the extent it can be read to allege that Mr. Edward Martin acted contrary to federal recordkeeping requirements or other federal law, Defendant denies that allegation.

2.      Denied except to admit that Edward Martin, former interim U.S. Attorney for the District of Columbia, was named Pardon Attorney and Director of the Weaponization Working Group ("WWG") in May 2025, both of which are positions within the DOJ. The remaining allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

3.      Denied. The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required. To the extent this paragraph requires a response, and to the extent that this paragraph characterizes the cited correspondence, Defendant respectfully refers the Court to the cited correspondence for a full and accurate recitation of its contents.

4.      Denied. The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required. To the extent this paragraph requires a response, and to the extent that this paragraph characterizes the cited correspondence, Defendant respectfully refers the Court to the cited correspondence for a full and accurate recitation of its contents. To the extent this paragraph can be read to allege that Mr. Edward Martin acted contrary to federal recordkeeping requirements or other federal law, Defendant denies that allegation.

5.      Denied. The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required. To the extent this paragraph requires a response, and to the extent that this paragraph characterizes the cited correspondence, Defendant respectfully refers the Court to the cited correspondence for a full and accurate recitation of its contents. To the extent this paragraph can be read to allege that Mr. Edward Martin acted contrary to federal recordkeeping requirements or other federal law, Defendant denies that allegation.

6.    The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, this paragraph is denied.

7.    The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, this paragraph is denied.

8.    Defendant admits that it received several FOIA requests from Plaintiff, and that Plaintiff requested expedited processing for each request. Defendant refers the Court to the FOIA requests for a complete and accurate statement of their contents and denies any inconsistent allegations.

9.    This paragraph consists of Plaintiff's characterization of this action and requests for relief to which no response is required. To the extent a response is required, Defendant admits that it has either denied or has not fully responded to Plaintiff's requests for expedited processing nor has it provided any records in response to its FOIA requests.

10.    The allegations in this paragraph constitute legal conclusions to which no response is required.

11.    The allegations in this paragraph constitute legal conclusions to which no response is required.

12.    The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, this paragraph is denied.

13.    The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, this paragraph is denied.

14.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

15.     Denied except to admit that DOJ is a department of the executive branch of the U.S. government headquartered in Washington, D.C. and is an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1); and the Executive Office for United States Attorneys ("EOUSA") and the Office of the Pardon Attorney ("OPA") are components of DOJ.

16.     Admitted.

17.     Defendant admits that EOUSA and OPA each received three FOIA requests from Plaintiff on November 20, 2025. Defendant refers the Court to the FOIA requests for a complete and accurate statement of their contents and denies any inconsistent allegations.

18.     Defendant admits that OIP received three FOIA requests from Plaintiff. Defendant refers the Court to the FOIA requests for a complete and accurate statement of their contents and denies any inconsistent allegations. The remaining allegations in this paragraph consist of legal conclusions to which no response is required.

19.     The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required. To the extent this paragraph requires a response, and to the extent that this paragraph characterizes the cited correspondence, Defendant respectfully refers the court to the cited correspondence for a full and accurate recitation of its contents. To the extent this paragraph can be read to allege that Mr. Edward Martin acted contrary to federal recordkeeping requirements or other federal law, Defendant denies that allegation.

20.     Defendant admits that EOUSA received a FOIA request from Plaintiff dated November 20, 2025, bearing Plaintiff's internal tracking number DOJ-EOUSA-25-2782. Defendant refers the Court to the FOIA request for a complete and accurate statement of its contents and denies any inconsistent allegations.

21.     Admitted.

4

22.    The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, this paragraph is denied.

23.    The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, this paragraph is denied.

24.    Defendant admits that Plaintiff requested expedited processing of its FOIA request. Defendant refers the Court to the FOIA request for a complete and accurate statement of its contents and denies any inconsistent allegations.

25.    Defendant admits that OIP received a FOIA request from Plaintiff dated November 20, 2025. The remaining allegations in this paragraph constitute legal conclusions to which no response is required.

26.    The allegations in this paragraph consist of Plaintiff's characterization of its FOIA request, to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to Plaintiff's FOIA request for a complete and accurate statement of its contents and denies any inconsistent allegations.

27.    The allegations in this paragraph consist of Plaintiff's characterization of its FOIA request, to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to Plaintiff's FOIA request for a complete and accurate statement of its contents and denies any inconsistent allegations.

28.    The allegations in this paragraph consist of Plaintiff's characterization of its FOIA request, to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to Plaintiff's FOIA request for a complete and accurate statement of its contents and denies any inconsistent allegations.

29.    The allegations in this paragraph consist of Plaintiff's characterization of its FOIA request, to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to Plaintiff's FOIA request for a complete and accurate statement of its contents and denies any inconsistent allegations.

30.    The allegations in this paragraph consist of Plaintiff's characterization of its FOIA request, to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to Plaintiff's FOIA request for a complete and accurate statement of its contents and denies any inconsistent allegations.

31.    Admitted.

32.    Defendant admits that EOUSA emailed Plaintiff on December 1, 2025. Defendant refers the Court to the email for a complete and accurate statement of its contents and denies any inconsistent allegations.

33.    Admitted.

34.    Defendant admits that OIP received a FOIA request from Plaintiff dated November 20, 2025, bearing Plaintiff's internal tracking number DOJ-OIP-25-2787. Defendant refers the Court to the FOIA request for a complete and accurate statement of its contents and denies any inconsistent allegations.

35.    The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, this paragraph is denied.

36.    The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, this paragraph is denied.

37.     Defendant admits that Plaintiff requested expedited processing of its FOIA request. Defendant refers the Court to the FOIA request for a complete and accurate statement of its contents and denies any inconsistent allegations.

38.     Defendant admits that OIP received a FOIA request from Plaintiff. The remaining allegations in this paragraph constitute legal conclusions to which no response is required.

39.     The allegations in this paragraph consist of Plaintiff's characterization of its FOIA request, to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to Plaintiff's FOIA request for a complete and accurate statement of its contents and denies any inconsistent allegations.

40.     The allegations in this paragraph consist of Plaintiff's characterization of its FOIA request, to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to Plaintiff's FOIA request for a complete and accurate statement of its contents and denies any inconsistent allegations.

41.     The allegations in this paragraph consist of Plaintiff's characterization of its FOIA request, to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to Plaintiff's FOIA request for a complete and accurate statement of its contents and denies any inconsistent allegations.

42.     The allegations in this paragraph consist of Plaintiff's characterization of its FOIA request, to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to Plaintiff's FOIA request for a complete and accurate statement of its contents and denies any inconsistent allegations.

43.     The allegations in this paragraph consist of Plaintiff's characterization of its FOIA request, to which no response is required. To the extent a response is required, Defendant

respectfully refers the Court to Plaintiff's FOIA request for a complete and accurate statement of its contents and denies any inconsistent allegations.

44. Admitted.

45. Admitted. Defendant refers the Court to the letter for a complete and accurate statement of its contents.

46. Admitted.

47. Defendant admits that EOUSA received a FOIA request from Plaintiff dated November 20, 2025, bearing Plaintiff's internal tracking number DOJ-EOUSA-25-2784. Defendant refers the Court to the FOIA request for a complete and accurate statement of its contents and denies any inconsistent allegations.

48. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, this paragraph is denied.

49. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, this paragraph is denied.

50. Defendant admits that Plaintiff requested expedited processing of its FOIA request. Defendant refers the Court to the FOIA request for a complete and accurate statement of its contents and denies any inconsistent allegations.

51. The allegations in this paragraph consist of Plaintiff's characterization of its FOIA request, to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to Plaintiff's FOIA request for a complete and accurate statement of its contents and denies any inconsistent allegations.

52. The allegations in this paragraph consist of Plaintiff's characterization of its FOIA request, to which no response is required. To the extent a response is required, Defendant

respectfully refers the Court to Plaintiff's FOIA request for a complete and accurate statement of its contents and denies any inconsistent allegations.

53.     The allegations in this paragraph consist of Plaintiff's characterization of its FOIA request, to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to Plaintiff's FOIA request for a complete and accurate statement of its contents and denies any inconsistent allegations.

54.     The allegations in this paragraph consist of Plaintiff's characterization of its FOIA request, to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to Plaintiff's FOIA request for a complete and accurate statement of its contents and denies any inconsistent allegations.

55.     The allegations in this paragraph consist of Plaintiff's characterization of its FOIA request, to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to Plaintiff's FOIA request for a complete and accurate statement of its contents and denies any inconsistent allegations.

56.     Admitted.

57.     Defendant admits that EOUSA emailed Plaintiff on December 1, 2025. Defendant refers the Court to the email for a complete and accurate statement of its contents and denies any inconsistent allegations.

58.     Admitted.

59.     Defendant admits that OPA received a FOIA request from Plaintiff dated November 20, 2025, bearing Plaintiff's internal tracking number DOJ-OPA-25-2783. Defendant refers the Court to the FOIA request for a complete and accurate statement of its contents and denies any inconsistent allegations.

9

60.     The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, this paragraph is denied.

61.     The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, this paragraph is denied.

62.     Defendant admits that Plaintiff requested expedited processing of its FOIA request. Defendant refers the Court to the FOIA request for a complete and accurate statement of its contents and denies any inconsistent allegations.

63.     The allegations in this paragraph consist of Plaintiff's characterization of its FOIA request, to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to Plaintiff's FOIA request for a complete and accurate statement of its contents and denies any inconsistent allegations.

64.     The allegations in this paragraph consist of Plaintiff's characterization of its FOIA request, to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to Plaintiff's FOIA request for a complete and accurate statement of its contents and denies any inconsistent allegations.

65.     The allegations in this paragraph consist of Plaintiff's characterization of its FOIA request, to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to Plaintiff's FOIA request for a complete and accurate statement of its contents and denies any inconsistent allegations.

66.     The allegations in this paragraph consist of Plaintiff's characterization of its FOIA request, to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to Plaintiff's FOIA request for a complete and accurate statement of its contents and denies any inconsistent allegations.

67.    The allegations in this paragraph consist of Plaintiff's characterization of its FOIA request, to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to Plaintiff's FOIA request for a complete and accurate statement of its contents and denies any inconsistent allegations.

68.    Defendant admits that OPA sent two emails to Plaintiff on November 28, 2025. Defendant refers the Court to those emails for a complete and accurate statement of their contents and denies any inconsistent allegations.

69.    Admitted.

70.    Admitted.

71.    Defendant admits that OIP received a FOIA request from Plaintiff dated November 20, 2025, bearing Plaintiff's internal tracking number DOJ-OIP-25-2788. Defendant refers the Court to the FOIA request for a complete and accurate statement of its contents and denies any inconsistent allegations.

72.    The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, this paragraph is denied.

73.    The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, this paragraph is denied.

74.    Defendant admits that Plaintiff requested expedited processing of its FOIA request. Defendant refers the Court to the FOIA request for a complete and accurate statement of its contents and denies any inconsistent allegations.

75.    The allegations in this paragraph consist of Plaintiff's characterization of its FOIA request, to which no response is required. To the extent a response is required, Defendant

respectfully refers the Court to Plaintiff's FOIA request for a complete and accurate statement of its contents and denies any inconsistent allegations.

76.    The allegations in this paragraph consist of Plaintiff's characterization of its FOIA request, to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to Plaintiff's FOIA request for a complete and accurate statement of its contents and denies any inconsistent allegations.

77.    The allegations in this paragraph consist of Plaintiff's characterization of its FOIA request, to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to Plaintiff's FOIA request for a complete and accurate statement of its contents and denies any inconsistent allegations.

78.    The allegations in this paragraph consist of Plaintiff's characterization of its FOIA request, to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to Plaintiff's FOIA request for a complete and accurate statement of its contents and denies any inconsistent allegations.

79.    The allegations in this paragraph consist of Plaintiff's characterization of its FOIA request, to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to Plaintiff's FOIA request for a complete and accurate statement of its contents and denies any inconsistent allegations.

80.    Admitted.

81.    Admitted. Defendant refers the Court to the letter for a complete and accurate statement of its contents.

82.    Admitted.

83.     Defendant admits that EOUSA received a FOIA request from Plaintiff dated November 20, 2025, bearing Plaintiff's internal tracking number DOJ-EOUSA-25-2786. Defendant refers the Court to the FOIA request for a complete and accurate statement of its contents and denies any inconsistent allegations.

84.     The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, this paragraph is denied.

85.     The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, this paragraph is denied.

86.     Defendant admits that Plaintiff requested expedited processing of its FOIA request. Defendant refers the Court to the FOIA request for a complete and accurate statement of its contents and denies any inconsistent allegations.

87.     The allegations in this paragraph consist of Plaintiff's characterization of its FOIA request, to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to Plaintiff's FOIA request for a complete and accurate statement of its contents and denies any inconsistent allegations.

88.     The allegations in this paragraph consist of Plaintiff's characterization of its FOIA request, to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to Plaintiff's FOIA request for a complete and accurate statement of its contents and denies any inconsistent allegations.

89.     The allegations in this paragraph consist of Plaintiff's characterization of its FOIA request, to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to Plaintiff's FOIA request for a complete and accurate statement of its contents and denies any inconsistent allegations.

90. The allegations in this paragraph consist of Plaintiff's characterization of its FOIA request, to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to Plaintiff's FOIA request for a complete and accurate statement of its contents and denies any inconsistent allegations.

91. The allegations in this paragraph consist of Plaintiff's characterization of its FOIA request, to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to Plaintiff's FOIA request for a complete and accurate statement of its contents and denies any inconsistent allegations.

92. Admitted. Defendant refers the Court to the letter for a complete and accurate statement of its contents.

93. Admitted. Defendant refers the Court to the letter for a complete and accurate statement of its contents.

94. Denied. On December 3, 2025, EOUSA emailed Plaintiff regarding this request.

95. Defendant admits that OPA received a FOIA request from Plaintiff dated November 20, 2025, bearing Plaintiff's internal tracking number DOJ-OPA-25-2785. Defendant refers the Court to the FOIA request for a complete and accurate statement of its contents and denies any inconsistent allegations.

96. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, this paragraph is denied.

97. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, this paragraph is denied.

98.     Defendant admits that Plaintiff requested expedited processing of its FOIA request. Defendant refers the Court to the FOIA request for a complete and accurate statement of its contents and denies any inconsistent allegations.

99.     The allegations in this paragraph consist of Plaintiff's characterization of its FOIA request, to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to Plaintiff's FOIA request for a complete and accurate statement of its contents and denies any inconsistent allegations.

100.    The allegations in this paragraph consist of Plaintiff's characterization of its FOIA request, to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to Plaintiff's FOIA request for a complete and accurate statement of its contents and denies any inconsistent allegations.

101.    The allegations in this paragraph consist of Plaintiff's characterization of its FOIA request, to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to Plaintiff's FOIA request for a complete and accurate statement of its contents and denies any inconsistent allegations.

102.    The allegations in this paragraph consist of Plaintiff's characterization of its FOIA request, to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to Plaintiff's FOIA request for a complete and accurate statement of its contents and denies any inconsistent allegations.

103.    The allegations in this paragraph consist of Plaintiff's characterization of its FOIA request, to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to Plaintiff's FOIA request for a complete and accurate statement of its contents and denies any inconsistent allegations.

104.    Defendant admits that OPA sent two emails to Plaintiff on November 28, 2025. Defendant refers the Court to those emails for a complete and accurate statement of their contents and denies any inconsistent allegations.

105.    Admitted. Defendant refers the Court to the email for a complete and accurate statement of its contents.

106.    Admitted.

107.    Defendant admits that OIP received a FOIA request from Plaintiff dated November 20, 2025, bearing Plaintiff's internal tracking number DOJ-OIP-25-2789. Defendant refers the Court to the FOIA request for a complete and accurate statement of its contents and denies any inconsistent allegations.

108.    The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, this paragraph is denied.

109.    The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, this paragraph is denied.

110.    Defendant admits that Plaintiff requested expedited processing of its FOIA request. Defendant refers the Court to the FOIA request for a complete and accurate statement of its contents and denies any inconsistent allegations.

111.    The allegations in this paragraph consist of Plaintiff's characterization of its FOIA request, to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to Plaintiff's FOIA request for a complete and accurate statement of its contents and denies any inconsistent allegations.

112.    The allegations in this paragraph consist of Plaintiff's characterization of its FOIA request, to which no response is required. To the extent a response is required, Defendant

respectfully refers the Court to Plaintiff's FOIA request for a complete and accurate statement of its contents and denies any inconsistent allegations.

113.    The allegations in this paragraph consist of Plaintiff's characterization of its FOIA request, to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to Plaintiff's FOIA request for a complete and accurate statement of its contents and denies any inconsistent allegations.

114.    The allegations in this paragraph consist of Plaintiff's characterization of its FOIA request, to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to Plaintiff's FOIA request for a complete and accurate statement of its contents and denies any inconsistent allegations.

115.    The allegations in this paragraph consist of Plaintiff's characterization of its FOIA request, to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to Plaintiff's FOIA request for a complete and accurate statement of its contents and denies any inconsistent allegations.

116.    Admitted. Defendant refers the Court to the letter for a complete and accurate statement of its contents.

117.    Admitted. Defendant refers the Court to the letter for a complete and accurate statement of its contents.

118.    Admitted.

119.    The allegations in this paragraph constitute legal conclusions to which no response is required, and on that basis denied.

120.    The allegations in this paragraph constitute legal conclusions to which no response is required, and on that basis denied.

17

121.    The allegations in this paragraph constitute legal conclusions to which no response is required, and on that basis denied. To the extent a response is required, Defendant admits that OIP denied Plaintiff's request for expedited processing under 28 C.F.R. § 16.5(e)(1)(ii) in the three acknowledgement letters sent to Plaintiff on November 25, 2025. Defendant refers the Court to those letters for complete and accurate statement of their contents.

122.    The allegations in this paragraph constitute legal conclusions to which no response is required, and on that basis denied.

123.    The allegations in this paragraph constitute legal conclusions to which no response is required, and on that basis denied. To the extent a response is required, Defendant admits that it has not provided a final response or produced records in response to Plaintiff's requests.

124.    The allegations in this paragraph constitute legal conclusions to which no response is required, and on that basis denied.

125.    Defendant incorporates by reference its responses to the above paragraphs.

126.    This paragraph consists of conclusions of law to which no response is required. To the extent a response is required, this paragraph is denied.

127.    The allegations in this paragraph constitute legal conclusions to which no response is required, and on that basis denied.

128.    Admitted. Defendant refers the Court to OIP's November 25, 2025, acknowledgment letters for complete and accurate statements of their contents.

129.    Defendant admits only that it is a federal agency within the meaning of the FOIA. The remaining allegations in this paragraph constitute legal conclusions to which no response is required.

130.    The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, this paragraph is denied.

131.    The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, this paragraph is denied.

132.    The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, this paragraph is denied.

133.    The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to the requested relief.

134.    Defendant incorporates by reference its responses to the above paragraphs.

135.    The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, this paragraph is denied.

136.    Defendant admits only that it is a federal agency within the meaning of the FOIA. The remaining allegations in this paragraph constitute legal conclusions to which no response is required.

137.    The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, this paragraph is denied.

138.    The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, this paragraph is denied.

139.    The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to the relief requested, or any relief.

140.    Defendant incorporates by reference its responses to the above paragraphs.

141.     The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, this paragraph is denied.

142.     The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, this paragraph is denied.

143.     The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, this paragraph is denied.

144.     The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, this paragraph is denied.

145.     The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to the relief requested, or any relief.

The remaining paragraphs consist of Plaintiff's prayer for relief. In response, Defendant denies that Plaintiff is entitled to the relief requested, or any relief.

Dated: January 28, 2026                    Respectfully submitted,

                                           BRETT A. SHUMATE
                                           Assistant Attorney General

                                           ELIZABETH J. SHAPIRO
                                           Deputy Director

                                           /s/ *Kathryn Alkire*
                                           KATHRYN L. ALKIRE
                                           (FL Bar No. 1050146)
                                           Trial Attorney
                                           United States Department of Justice
                                           Civil Division, Federal Programs Branch
                                           1100 L Street NW
                                           Washington, DC 20005
                                           Phone: (202) 451-7743
                                           E-mail: Kathryn.L.Alkire@usdoj.gov
                                           *Counsel for Defendant*